IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SAMUEL COOPER JR., | ) | CIV. NO. 06-00271 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| vs. | ) | DISMISS PETITION AS TIME- |
| | ) | BARRED |
| JIM COOKE, Warden, | ) | |
| Tallahatchie County | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## **FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS TIME-BARRED**

On May 17, 2006, *pro se* Petitioner Samuel Cooper Jr. filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Petition was referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a). (Docket No. 1.) Respondent submitted an Answer to the petition on August 2, 2006. (Docket No. 12.) Although Cooper was given until September 2, 2006, to file a Reply, he failed to do so.

On September 14, 2006, the court issued an Order to Show Cause, notifying Cooper that his Petition appeared time-barred, and that the court was considering dismissing it with prejudice on this basis. (Docket No. 14.) Cooper was given until October 2, 2006, to file his Reply, to address the timeliness of his Petition, and to provide argument and support for either equitable or statutory tolling in his case.

On October 5, 2006, Cooper filed his Reply, titled "Motion to Show Cause Why Petition Should Not be Dismissed and Answer to

Respondent's Issues" ("Reply").  After consideration of the full record, this Court FINDS AND RECOMMENDS that the Petition be DISMISSED with prejudice as time-barred.

**BACKGROUND AND PROCEDURAL HISTORY**

Cooper's Petition appears to challenge two murder convictions, Cr. No. 99-1708, for the murder of Keith Miyashiro ("Miyashiro case"), and Cr. No. 00-1-0474, for the murder of Fred Cramer ("Cramer case"), or more accurately, the effect the Miyashiro conviction and sentence had on the Cramer case's guilty plea and sentence.

On or about May 15, 1999, Cooper killed Fred Cramer. (Resp.s' Ex. L.)  On or about August 29, 1999, Cooper killed Keith Miyashiro.  (Resp.s' Ex. C & I.)  Although the Cramer murder occurred first, Cooper was indicted for the Miyashiro murder first, on September 3, 1999.  (*See* Resp.s' Ex. A.)  Six months later, he was indicted for the Cramer murder on March 9, 2000.  (*See* Resp.s' Ex. B.)

On June 16, 2000, a jury convicted Cooper of Murder in the Second Degree in the Miyashiro case, Cr. No. 99-1708, in violation of Haw. Rev. Stat. § 707-705.1(1993) and 706-656 (1993 & 2003).  (Resp.'s Ex. C & F.)

The State sought consecutive term sentencing and repeat offender sentencing.  (Resp.s' Exs. C & D.)  On August 14, 2000, sentencing proceedings were held.  (Resp.'s Ex. E.)  At the

hearing, Cooper's attorney stipulated to Cooper's prior convictions and the court granted the State's repeat offender motion.  (Resp.'s Ex. E.)  After further argument, the court also granted the State's consecutive term motion.  Judgment of conviction was entered and the court sentenced Cooper to life imprisonment with a mandatory minimum term of twenty years, to run consecutively to any other term Cooper was serving.  (Resp.'s Ex. E at 6-10.)  The circuit court entered written orders granting the two motions on August 22, 2000.  (Resp.'s Exs. G & H.)

On August 28, 2000, the State wrote the Hawai`i Paroling Authority, seeking a minimum 100 year term before Cooper could become eligible for parole, as it promised at the sentencing proceedings.  (Resp.'s Ex. I.)

On October 13, 2000, Cooper filed his notice of appeal in the Miyashiro case.  (Resp.'s Ex. J.)

Approximately two weeks later, on November 3, 2000, Cooper entered a change of plea in the Cramer case.  (Resp.'s Exs. K & L.)

On November 20, 2000, the Hawai`i Paroling Authority held a hearing to determine Cooper's minimum term in the Miyashiro case.  (Resp.'s Ex. M.)  On November 22, 2000, the Parole Board set Cooper's minimum term at 100 years in the Miyashiro case.  (*Id.*)  Cooper was served with a copy of the Board's disposition, by

mail, the same day.

On December 27, 2000, the State moved for repeat offender sentencing in the Cramer case. (Resp.'s Ex. N.) On January 8, 2001, sentencing proceedings were held. At the proceedings, Cooper's attorney acknowledged a stipulation regarding the repeat offender motion. (*Id.* at 3-4.) Thereupon, the circuit court granted the State's motion, entered judgment of conviction, and sentenced Cooper to life imprisonment with the possibility of parole, with a mandatory minimum term of twenty years, in the Cramer case. (Resp.'s Ex. P.) On February 20, 2001, the circuit court entered a written order granting the State's repeat offender motion in the Cramer case. (Resp.'s Ex. Q.) The State again recommended a mandatory 100 year term before parole eligibility to the Hawai`i Paroling Authority. (Resp.'s Ex. R.)

One month later, on March 23, 2001, Cooper, through his attorney, filed a stipulation to voluntarily dismiss his appeal in the Miyashiro case. (Resp.'s Ex. S.)

On June 29, 2001, the Hawai`i Paroling Authority set Cooper's minimum term in the Cramer case at 100 years. (Resp.'s Ex. T.) Cooper was served with the disposition by mail on July 3, 2001.

On August 28, 2002, one year and seven months after his judgment of conviction and sentence in the Cramer case was filed, Cooper filed a *pro se* post-conviction petition challenging his

conviction and sentence in the Cramer case, pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure.  (Resp.'s Ex. U.)  On January 23, 2003, the circuit court appointed counsel to Cooper in his post-conviction proceedings.  (Resp.'s Ex. X.)

On October 20, 2003, the circuit court held a hearing on Cooper's Rule 40 petition.  (Resp.'s Ex. Z.)  On October 24, 2003, the circuit court entered its "Amended Findings of Fact and Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody."  (Resp.'s Ex. AA.)  Cooper filed a notice of appeal of this order on November 20, 2003.  (Resp.'s Ex. BB.)

On January 27, 2006, the Hawai`i Intermediate Court of Appeals ("ICA") affirmed the circuit court by summary disposition order.  (Resp.'s Ex. GG.)  Cooper sought certiorari with the Hawai`i Supreme Court on February 24, 2006.  (Resp.'s Ex. HH.)  On March 6, 2006, the Hawai`i Supreme Court denied Cooper's application for certiorari.  (Resp.'s Ex. II.)  Notice and Judgment on Appeal was filed on July 28, 2006.

Approximately two months later, on May 17, 2006, Cooper filed the present petition.

### LEGAL STANDARD

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

5

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at ---, 125 S. Ct. at 1814. "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule."

*Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).  Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)  (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

On March 23, 2001, Cooper voluntarily dismissed his direct appeal in the Miyashiro case.  His conviction for that murder therefore became final on March 23, 2001.  *See United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2006) (voluntary dismissal divests appellate court of jurisdiction); *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (case is final when the availability of appeal is exhausted).  The statute of limitation began running on that date and, barring statutory or equitable bases for tolling, expired one year later, on March 23, 2002.

On November 3, 2000, Cooper pled guilty to second degree murder in the Cramer case, and on January 8, 2001, judgment of

conviction and sentence was entered.  Cooper had thirty days within which to appeal, although he did not.  *See* Haw. R. App. P. 4(b)(1).  Thus, his conviction became final in the Cramer case on February 7, 2001.  *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (conviction is final after time for seeking review from the state appellate court has expired); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).  The statute of limitation began to run the next day, February 8, 2001, and again barring statutory or equitable tolling, expired one year later on February 7, 2002.[1]

Approximately a year and a half later, on August 28, 2002, Cooper filed a Rule 40 petition pursuant to the Hawai`i Rules of Penal Procedure ("Haw. R. Pen. P."), apparently challenging his conviction and sentence in the Cramer case.  Both the circuit court and the ICA affirmed Cooper's conviction and sentence.  On March 6, 2006, the Hawai`i Supreme Court denied Cooper's application for certiorari.  Approximately two and a half months later, on May 17, 2006, Cooper filed the present Petition.  Unless he is entitled to statutory or equitable tolling of the statute, Cooper's petition is time-barred.

---

[1] On June 29, 2001, the Hawai`i Paroling Authority set Cooper's minimum term in the Cramer case, which appears to be the focus of his present challenge.  Cooper, however, did not challenge the Hawai`i Parole Board's determination, either administratively or through a post-conviction proceeding, until August 28, 2002.

The court finds that Cooper is not entitled to statutory tolling under § 2244(d) for either conviction.  First, Cooper failed to file a petition for state post-conviction relief challenging the Miyashiro conviction for more than seventeen months after he voluntarily dismissed his appeal, and more than eighteen months after his conviction became final in the Cramer case.  Even if he is now only challenging the Hawai`i Paroling Authority's decision to set his minimum term at 100 years, which is not how he presented either his Rule 40 post-conviction memorandum and points on appeal or the claims within the present petition, Cooper still failed to file his Rule 40 petition within a year following that determination.  The court finds that Cooper is not entitled to statutory tolling on that basis.  *See* 28 U.S.C. § 2244(d)(2).

Second, there was no state-created impediment to Cooper's filing a federal petition under 28 U.S.C. § 2244(d)(1)(B), nor does Cooper argue that there was.[2]  Third, the Petition does not raise a newly recognized constitutional right that is retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Cooper does not raise newly discovered evidence as the basis for this habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(D).

---

[2] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation.  *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

Although the Court notified Cooper that it was considering dismissing his Petition as time-barred, and informed him that it was his burden to argue and prove the availability of equitable tolling, he has not done so.  In his Reply, Cooper's only argument in favor of tolling the statute is that, because Hawai`i places no time limit on filing a Rule 40 petition for post-conviction relief, "there are no time limits" which bar his federal petition.  Cooper is mistaken.

Although Hawai`i may not set time limits on when a petitioner must file a Rule 40 petition, it is clear that, under federal law, a petitioner is required to file a petition for federal habeas relief within one year of the date of finality of conviction.  If, during that year, a petitioner files a state post-conviction proceeding, the time during which that petition is pending in the state courts is tolled.  *See* 28 U.S.C. § 2244(d)(2).  However, when, as here, the state post-conviction petition is filed after the statute of limitation has expired, the statute of limitation is not retroactively tolled.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)(holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(stating that state post-conviction relief action, filed after the statute of limitations had expired, "did not cause the

statute to begin running anew when the state court denied the motion.").

Cooper makes no other argument in favor of tolling the statute in this case, either statutorily or equitably.  In *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), the Ninth Circuit Court of Appeals articulated that extraordinary circumstances must be present in order for a court to find equitable tolling.  Cooper's failure to proffer any argument forecloses the possibility of equitable tolling, as the petitioner bears the burden of demonstrating extraordinary circumstances.  *Id.* (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Accordingly, this Court finds that Cooper is not entitled to equitable or statutory tolling of the statute and recommends that his Petition be dismissed with prejudice as time-barred.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, October 10, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

COOPER v. COOKE, Civ. No. 06-00271 DAE-LEK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS TIME-BARRED; dmp\ Habeas 06\ Cooper 06-271 (dsm SOL)